# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ROBERT LEE CURRY,

       Defendant-Appellant.

UNPUBLISHED
June 11, 2015

No.  320363
Kalamazoo Circuit Court
LC No.  2013-000631-FC

---

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of three counts of armed robbery, MCL 750.529; assault with intent to rob while armed, MCL 750.89; felon in possession of a firearm, MCL 750.224f; carrying a concealed weapon, MCL 750.239; and four counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.  The trial court sentenced defendant to 35 to 60 years' imprisonment on the armed robbery and assault with intent to rob while armed convictions, 5 to 10 years' imprisonment on the felon in possession of a firearm and carrying a concealed weapon convictions, and two years' imprisonment on the felony-firearm convictions.  Defendant appeals as of right.  We affirm.

Defendant's convictions arise out of the March 8, 2013 armed robberies of Christopher Tucker, Cody Tucker, and Scott Smith at the Alamo Hills apartment complex.  At trial, defendant admitted that he committed the robberies, as well as the assault on Jordan Wallace with the intent to rob her.  He claimed, however, that he committed the crimes under duress.

## I. MISTRIAL

Defendant, through counsel, argues that the trial court erred when it denied his motion for a mistrial after Christopher testified that he heard a resident of the Alamo Hills apartment complex say that defendant had robbed him (the resident) three years earlier.  We review a trial court's decision on a motion for a mistrial for an abuse of discretion. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010) (citation omitted).  An abuse of discretion exists if the trial court selects an outcome that falls outside the range of reasonable and principled outcomes. *Id.* (citations omitted).

-1-

On cross-examination, Christopher acknowledged that he told the 911 operator that he did not know who the person was who robbed him and his companions. At the time, Christopher had forgotten that defendant had called himself "Mark." On redirect examination, the prosecutor asked Christopher whether he even believed that "Mark" was defendant's name after the robbery. After the trial court overruled defendant's hearsay objection, defendant testified that after the robbery he knew defendant's name was not "Mark" because residents of the apartment "were like, 'His Name's Rob. That was Rob,' dah, dah, dah, 'He robbed me, you know, three years ago' . . . ."[1]

"A trial court should grant a mistrial only for an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial." *Id*. (citation omitted). A mistrial should be granted only when the prejudicial effect of the error cannot be removed in any other way. *People v Horn*, 279 Mich App 31, 36; 755 NW2d 212 (2008) (citation omitted). Instructions are presumed to cure most errors, and a jury is presumed to follow its instructions. *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003).

Christopher's testimony that a resident of the Alamo Hills apartment complex said that defendant had robbed him three years earlier was brief and unemphasized. The prosecutor's question to Christopher did not alert the jury that it would be hearing about a prior crime committed by defendant, and the prosecutor did not ask any follow-up questions about the specifics of what Christopher heard. Furthermore, before it heard Christopher's testimony regarding what he heard from residents, the jury already knew that the only purpose for the testimony was to explain why Christopher did not give the 911 operator the name "Mark." When the trial court overruled defendant's hearsay objection, it told the jury that it was allowing Christopher to answer the prosecutor's question "to explain why he might not have done something." Under these circumstances, the trial court's decision that an instruction could cure the prejudicial effect of the error and, therefore, a mistrial was not warranted, did not fall outside the range of reasonable and principled outcomes. *Schaw*, 288 Mich App at 236.

In reaching this conclusion, we reject defendant's argument that the trial court's instruction was insufficient to cure the alleged prejudice suffered by defendant because the resident's statement had no bearing on why Christopher may have believed that "Mark" was not defendant's name. The resident's statement was part of Christopher's answer regarding why, when he talked to the 911 operator, he no longer believed that "Mark" was defendant's name. The trial court instructed the jury that it was not to consider the statements that Christopher heard from the residents of the Alamo Hills apartment complex for any reason other than for the very limited purpose of understanding Christopher's state of mind, and to not consider the statements for their truth. Because the jury was instructed that it could not consider the residents' statements that Christopher heard for their truth, and because a jury is presumed to follow its

---

[1] Plaintiff has never asserted that evidence of a prior robbery of a resident of the Alamo Hills apartment complex by defendant was admissible under MRE 404(b).

instructions, *Abraham*, 256 Mich App at 279, the trial court's cautionary instruction was sufficient to cure any prejudice suffered by defendant.

## II. OPINION TESTIMONY

Defendant also argues through his attorney that the trial court erred when it allowed Detective Karen Rivard to testify that, in a telephone conversation between defendant and his wife, Ashley Jones, there was "obvious coaching" by defendant. We review a trial court's evidentiary decisions for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Id.* at 217.[2]

According to defendant, Rivard's testimony that there was "obvious coaching" by him in the telephone conversation was improper because witnesses are prohibited from commenting on the truthfulness of other witnesses. "It is generally improper for a witness to comment or provide an opinion on the credibility of another witness, because credibility matters are to be determined by the jury." *People v Dobek*, 274 Mich App 58, 71; 732 NW2d 546 (2007) (citations omitted). Defendant's reliance on this rule, however, is misplaced. Rivard was not asked to comment or provide an opinion on the credibility of either defendant or Jones.

MRE 701, which permits the admission of lay opinion testimony, *People v Fomby*, 300 Mich App 46, 48; 831 NW2d 887 (2013), provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

The testimony of Rivard, who did not testify as an expert, that there was "obvious coaching" in the telephone conversation met the requirements of MRE 701. First, the testimony was rationally based on the perception of the witness. Rivard testified that she heard the telephone conversation between defendant and Jones. Second, at issue was the credibility of defendant and Jones. They were the only two witnesses who gave testimony supporting the duress defense. Rivard's testimony that there was "obvious coaching" by defendant regarding what Jones should say to defense counsel about statements made by "Slug" was helpful to a determination of whether defendant and Jones were credible witnesses. The trial court did not abuse its discretion in allowing Rivard's testimony. *Unger*, 278 Mich App at 216.

---

[2] We find no merit to plaintiff's argument that this issue is unpreserved because defendant did not object after Rivard testified that there was "obvious coaching." An objection must be timely, and an objection is timely if it is interposed between the question and the answer. *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003). Defendant's objection was timely; it was made before Rivard answered the prosecutor's question.

## III. STANDARD 4 BRIEF

Defendant argues through submission of his own "brief" that he was denied the effective assistance of counsel. Because no *Ginther*[3] hearing has been held on defendant's ineffective assistance claims, our review is limited to facts on the record. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below objective standards of reasonableness and that, but for counsel's deficient performance, there is a reasonable probability that the result of defendant's trial would have been different. *People v Uphaus (On Remand)*, 278 Mich App 174, 185; 748 NW2d 899 (2008).

Defendant has abandoned his claim that defense counsel was ineffective for failing to move to suppress the testimony of Officer Jason Gates. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Defendant has not provided this Court with legal authority to support a conclusion that Gates's testimony was subject to suppression.

Defendant also argues that defense counsel was ineffective with regard to several witnesses who did not testify, but decisions regarding whether to call witnesses are presumed to be matters of trial strategy. *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). The failure to call a witness only constitutes ineffective assistance of counsel if it deprived the defendant of a substantial defense, *id.*, which is one that might have made a difference in the outcome of the trial. *In re Ayres*, 239 Mich App 8, 22; 608 NW2d 132 (1999).

Defense counsel was not ineffective for failing to subpoena "Ms. Jones," a witness from Grand Rapids. According to defendant, "Ms. Jones" told defense counsel that she would be willing to testify. However, this is not supported by any facts on the record. Defendant has, therefore, failed to establish the factual predicate for his claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

We also reject defendant's argument that defense counsel was ineffective for failing to subpoena Heather Sadler. The record establishes that defense counsel did, in fact, subpoena Sadler. Sadler did not testify at trial, and to the extent that defendant is arguing that defense counsel was ineffective for failing to call Sadler as a witness, the argument is without merit. Because the record is silent regarding why Sadler was not called as a witness, defendant has failed to show that defense counsel's performance in not calling Sadler fell below objective standards of reasonableness. *Uphaus (On Remand)*, 278 Mich App at 185. Additionally, because the record does not contain any facts regarding the proposed testimony of Sadler, defendant has not shown that defense counsel's failure to call Sadler as a witness deprived him of a substantial defense. *Dixon*, 263 Mich App at 398.

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Defendant's argument that defense counsel was ineffective for not calling Shamirra Jordan as a witness is also without merit. The record indicates that defense counsel subpoenaed Jordan; that Jordan refused to comply with a change in time for her testimony; that defense counsel consulted with defendant regarding Jordan's refusal to testify at a later time; and that defendant did not want a bench warrant issued for Jordan's appearance. Based on her consultation with defendant, defense counsel asked that the trial court remove Jordan from the witness list. Defendant has failed to overcome the strong presumption that defense counsel's performance constituted sound trial strategy. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Defense counsel, who acted in compliance with defendant's wishes, may have believed that it was better to forego Jordan's testimony than force Jordan to appear pursuant to a bench warrant and risk her being a hostile or uncooperative witness.[4]

We also conclude that defense counsel was not ineffective for failing to contact and call as a witness the manager of the apartment complex where he and Jones used to live. There are no facts on the record regarding the proposed testimony of the manager. Consequently, defendant cannot show that defense counsel's failure to call the manager of the apartment complex as a witness deprived him of a substantial defense. *Dixon*, 263 Mich App at 398. The same holds true for defendant's argument that defense counsel was ineffective for failing "to get the 911 recording of the defendant on the days before March 8." The argument indicates that defendant called 911 sometime before March 8, 2013, but there are no facts on the record supporting this indication. *Hoag*, 460 Mich at 6.

Defendant also asserts that defense counsel failed to send his telephone records to a laboratory "so the text messages could be shown as to [defendant's] truthfulness." Once again, however, there are no facts on the record regarding what text messages were on defendant's cellular telephone. Accordingly, defendant cannot show that, but for counsel's alleged deficient performance, there is a reasonable probability that the result of his trial would have been different. *Uphaus (On Remand)*, 278 Mich App at 185. Defendant was not denied effective assistance of counsel.

Defendant next argues that he was denied his right of confrontation because Smith did not testify at trial. Because defendant did not raise this issue below, it is unpreserved, *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007), and reviewed for plain error affecting defendant's substantial rights, *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

The Confrontation Clause, US Const, Am VI, guarantees a defendant the right to be confronted by the witnesses against him. *People v Henry (After Remand)*, 305 Mich App 127,

---

[4] Defendant claims that defense counsel was ineffective for failing to file the paperwork required by FRCP 26(a)(2)(b) regarding Tera Adams, his counselor. FRCP 26 has no application to the present case. The Federal Rules of Civil Procedure only apply to proceedings in the federal district courts. FRCP 1.

153; 854 NW2d 114 (2014). Implicit in Confrontation Clause jurisprudence is that a witness must put forth some testimony before a defendant's right of confrontation comes into play. *People v Gearns*, 457 Mich 170, 186-187; 577 NW2d 422 (1998), overruled in part on other grounds by *People v Lukity*, 460 Mich 484; 596 NW2d 607 (1999). Smith did not testify at trial, nor were any out-of-court statements by him admitted into evidence. See *Henry (After Remand)*, 305 Mich App at 153. Accordingly, because Smith did not give any testimony, defendant was not denied his right of confrontation when Smith did not testify at trial.

Defendant additionally argues on appeal that the trial court erred when it concluded that his statements to Adams were hearsay, and when it prohibited him from testifying about what he told Adams at the March 6, 2013 counseling session. We review a trial court's evidentiary rulings for an abuse of discretion. *Unger*, 278 Mich App at 216.

" 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Here, the trial court did not abuse its discretion in concluding that defendant's statements to Adams were hearsay. *Unger*, 278 Mich App at 216. Defendant's statements to Adams were out-of-court statements that were offered to prove the truth of the matter asserted. MRE 801(c).

Defendant has abandoned the issue whether the trial court abused its discretion in prohibiting him from testifying about what he told Adams on March 6, 2013, as he has not presented this Court with any legal authority to support his argument. See *Kelly*, 231 Mich App at 640-641. And, even if the trial court abused its discretion, it does not affirmatively appear, after examination of the entire cause, that it is more probable than not that the error was outcome determinative. *Lukity*, 460 Mich at 495-496. Nothing on the record indicates that defendant's testimony would have been any different than Adams's testimony about the March 6, 2013 session. In addition, it does not appear that the trial court actually excluded any evidence that defendant wanted introduced. Defendant wanted the jury to know why he told Adams that he was experiencing fear and anxiety, and the trial court allowed him to testify what was behind the fear that he reported to Adams. Any error was harmless.

Defendant further argues that the trial court erred when it took upon itself the prosecutor's job and interrogated him. Because this issue was not raised below, it is unpreserved, *Metamora Water Serv, Inc*, 276 Mich App at 382, and reviewed for plain error affecting defendant's substantial rights, *Carines*, 460 Mich at 763.

Although a defendant is entitled to a neutral and detached trial court, *People v Cheeks*, 216 Mich App 470, 480; 549 NW2d 584 (1996), a trial court may question witnesses in order to clarify testimony or elicit additional relevant information, *People v Conyers*, 194 Mich App 395, 404; 487 NW2d 787 (1992). However, a trial court must exercise caution and restraint to ensure that its questions are not intimidating, argumentative, prejudicial, unfair, or partial. *Id.* at 405. The trial court's questions were not intimidating, argumentative, prejudicial, unfair, or impartial. Rather, they were asked to clarify testimony or elicit additional relevant information. There was no plain error. *Carines*, 463 Mich at 763.

Next, defendant argues that the trial court erred when (1) it permitted evidence of Christopher's out-of-court identification of him because the photographic lineup was leading and unjust, and (2) it excluded from evidence the sheet containing the personal information of all the men in the lineup. We review a trial court's evidentiary decisions for an abuse of discretion. *Unger*, 278 Mich App at 216. Defendant has abandoned these two issues. He has not presented this Court with any legal authority to support his claims. *Kelly*, 231 Mich App at 640-641. Regardless, even if there were errors, the errors were harmless. Defendant presented a duress defense, which required him to (and he did several times) admit that he committed the charged crimes. See *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). Because defendant admitted that he committed the armed robberies, any plain error that may have occurred when Christopher and Rivard testified about Christopher's out-of-court identification did not affect the outcome of the proceedings. *Carines*, 460 Mich at 763.

Defendant argues that Gates violated his *Miranda*[5] rights when Gates interviewed him on May 26, 2013. Because this issue was never raised before the trial court, it is unpreserved, *Metamora Water Serv, Inc*, 276 Mich App at 382, and reviewed for plain error affecting defendant's substantial rights, *Carines*, 460 Mich at 763.

In *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), the United States Supreme Court held that an accused, pursuant to the Fifth Amendment right against self-incrimination, must be given a series of warnings before being subjected to custodial interrogation. *People v Elliott*, 494 Mich 292, 301; 833 NW2d 284 (2013). Defendant has abandoned the issue whether his *Miranda* rights were violated. See *Kelly*, 231 Mich App at 640-641  The only legal authority that defendant cites in support of his claim are three cases that were decided by the United States Supreme Court before *Miranda* was decided in 1966.

Regardless, an accused is not entitled to *Miranda* warnings unless he is subject to custodial interrogation. *Elliott*, 494 Mich at 302. Although defendant was an inmate at the county jail when he was interviewed by Gates, an accused's imprisonment, by itself, is not sufficient to constitute custody for *Miranda* purposes. *Howes v Fields*, 565 US ___, ___; 132 S Ct 1181, 1190; 182 L Ed 2d 17 (2012). "When a prisoner is questioned, the determination should focus on all the features of the interrogation. These include the language that is used in summoning the prisoner to the interview and the manner in which the interrogation is conducted." *Id.* at 1192 (citation omitted). Because the record is silent regarding many of the features of Gates's interview of defendant, including where the interview took place at the county jail, how long the interview lasted, and whether Gates told defendant that he was free to leave, the record prohibits us from reaching a conclusion that defendant was in custody for purposes of *Miranda* when Gates interviewed him. Thus, there was no plain error in the admission of defendant's statements to Gates. *Carines*, 460 Mich at 763.

---

[5] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

Finally, defendant argues that his Sixth Amendment right to be tried by a jury drawn from a fair cross section of the community was violated because there were only two African-Americans in the jury venire and one of them was dismissed by the trial court.[6] *People v Bryant*, 491 Mich 575, 595; 822 NW2d 124 (2012). Because defendant did not raise this issue before the trial court, it is unpreserved, *People v Eccles*, 260 Mich App 379, 385; 677 NW2d 76 (2004), and reviewed for plain error affecting defendant's substantial rights, *Carines*, 460 Mich at 763.

Although African-Americans are considered a distinctive group in the community, *People v Williams*, 241 Mich App 519, 526; 616 NW2d 710 (2000), there is no evidence in the record regarding jury venires in general in Kalamazoo County. "Merely showing one case of alleged underrepresentation does not rise to a 'general' underrepresentation that is required for establishing a prima facie case." *People v Howard*, 226 Mich App 528, 533; 575 NW2d 16 (1997) (citation omitted). There is likewise no evidence in the record that the alleged underrepresentation was due to systematic exclusion, i.e., "an exclusion resulting from some circumstances inherent in the particular jury selection process used." *Id.* (citations omitted). "It is well settled that systematic exclusion cannot be shown by one or two incidents of a particular venire being disproportionate." *Williams*, 241 Mich App at 526 (citation omitted). Accordingly, defendant's argument is without merit.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray

---

[6] Nothing in the lower court record substantiates that only two African-Americans were in the jury venire and that one of them was dismissed by the trial court. Defendant has, therefore, failed to fulfill his burden, as the appellant, to furnish this Court with a record to verify the factual basis of an argument upon which reversal is predicated. *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000). Nonetheless, for purposes of this appeal, we will assume that defendant's assertions are correct.