# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASON ROBERT ALGRA,

        Defendant-Appellant.

UNPUBLISHED
September 8, 2015

No. 321374
Eaton Circuit Court
LC No. 12-020234-FC

Before: BORRELLO, P.J., and HOEKSTRA and O'CONNELL, JJ.

PER CURIAM.

Defendant, Jason Robert Algra, appeals as of right his conviction, following a jury trial, of five counts of third-degree criminal sexual conduct (CSC III). MCL 750.520d(1)(e) (sexual penetration with student at least 16 but less than 18 years old). The jury acquitted Algra of three counts of first-degree criminal sexual conduct (CSC I) involving a second complainant. The trial court sentenced Algra to serve 5 to 15 years' imprisonment. We affirm.

## I. FACTUAL BACKGROUND

According to the victim, when he was 17 years old, he had a sexual relationship with Algra. Algra taught at the victim's school as a swim coach. The sexual contact was eventually reported to police officers. The victim testified that when he initially spoke with Detective Jason Gooley, he was not entirely truthful. The victim explained that he was embarrassed and afraid because a second complainant had suffered ridicule. The second complainant testified that he had a number of sexual encounters with Algra, including an encounter in a courtyard next to a church parking lot. Various witnesses testified that the second complainant was dramatic and had a tendency to exaggerate.

In addition to a number of witnesses who testified about Algra's reputation, a student testified that the victim was "obsessed" with Algra. During cross-examination, the prosecution asked the student whether the victim had rejected him for a relationship. The student denied it. The prosecution then impeached the student with a Facebook conversation between the student and the victim, in which the student sought a relationship with the victim but the victim said that he did not want to hurt the student. The student admitted that the conversation was genuine and accurate, and the trial court admitted the Facebook conversation as impeachment evidence.

Ultimately, the jury found Algra guilty of five counts of CSC III with the victim, but it acquitted him of three counts of CSC I with the second complainant. Algra now appeals.

## II. PROSECUTORIAL MISCONDUCT

Algra contends that the prosecutor committed misconduct by pursuing a line of questioning about whether the second complainant was "terrorized" by other students. We disagree.

As an initial matter, we note that Algra did not challenge this testimony below on the basis of prosecutorial misconduct. To preserve a claim of prosecutorial misconduct, a defendant must timely and specifically challenge the prosecutor's statements. *People v Unger*, 278 Mich App 210, 234-235; 749 NW2d 272 (2008). When a defendant does not do so, we review his or her claim for plain error affecting the defendant's substantial rights. *Id*.

This Court examines claims of prosecutorial misconduct on a case-by-case basis, considering the prosecutor's statements in context. *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014). The question is whether the conduct denied the defendant a fair and impartial trial. *Id*. A prosecutor's good-faith attempt to introduce relevant evidence is not misconduct unless the attempt itself was unduly prejudicial. *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999).

Reviewing the challenged statements in context, we conclude that the prosecutor did not commit misconduct. In this case, the victim discussed the treatment of the second complainant when explaining why he did not fully disclose Algra's conduct to police in the first instance. The victim's reasons for failing to fully disclose Algra's conduct to police during the initial interview was relevant to the victim's credibility. Nothing about the prosecutor's questions suggests that she was deliberately attempting to inflame the jury rather than to explore a pertinent issue. The prosecutor's questions in and of themselves were not prejudicial or improper, and the prosecutor attempted to constrain her questions to the boundaries of the trial court's evidentiary rulings.

We conclude that the prosecutor's conduct was a good-faith attempt to admit relevant evidence. Therefore, Algra has failed to show error, much less a plain error affecting his substantial rights.

## III. ALIBI REBUTTAL

Algra contends that the trial court improperly refused to grant his request for a mistrial after the prosecutor introduced evidence that was not pertinent to rebutting his alibi defense. We disagree.

This Court reviews for an abuse of discretion the trial court's decision to grant or deny a motion for a mistrial. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). A mistrial is warranted only when an error or irregularity in the proceedings impaired the defendant's ability to get a fair trial. *Id*. Curative instructions are generally sufficient to cure the prejudice of most remarks because we presume that jurors follow their instructions. *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003).

In this case, the prosecution offered evidence of a text message conversation between Algra and another man. In the conversation, the other man asked if anyone was with Algra, and he responded that he was alone, waiting for his boyfriend to get home, and planning to pick his boyfriend's brother up from Spiral.[1] The trial court initially admitted the evidence but, following a brief recess, it discovered that the prosecutor mistakenly believed that Algra's alibi included April 2, when it only concerned April 4 to April 8. The trial court instructed the jury that the evidence was not admissible and stated: "if you have any recollection of what that exhibit was, erase that memory of that exhibit, okay?"

We conclude that the trial court did not abuse its discretion when it refused to grant a mistrial on this ground. Any prejudice from the erroneous admission of this evidence was slight, and there is no indication that the trial court's instruction did not cure it. It was unlikely to shock the jury that Algra had visited a gay bar to drive his boyfriend's brother because Algra openly admitted that he was homosexual and shared living arrangements with his boyfriend. Nor did the evidence strongly refute Algra's statement that he lacked funds to travel over spring break, since a brief drive is different from taking a vacation. The trial court also issued a curative instruction.

We conclude that the trial court's ruling was within the principled range of outcomes. This irregularity did not prevent Algra from having a fair trial.

IV. PICTURES OF GENITALS

Algra contends that the trial court improperly allowed Eaton County Sherriff Deputy Jeffery Fellows to testify about pictures of male genitalia that he found on Algra's school and home computers because this evidence was unfairly prejudicial. We disagree.

This Court reviews for an abuse of discretion preserved challenges to the trial court's evidentiary rulings. *People v Duncan*, 494 Mich 713, 722; 835 NW2d 399 (2013). We review de novo the preliminary questions of law surrounding the admission of evidence, such as whether a rule of evidence bars admitting it. *Id*. at 723.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Relevant evidence is generally admissible. MRE 402. Evidence is probative if it has a tendency to make a fact of consequence more or less probable. *People v Crawford*, 458 Mich 376, 389-390; 582 NW2d 785 (1998). Facts that may have influenced a witness's testimony or indicate a witness's bias are relevant. *People v McGhee*, 268 Mich App 600, 637; 709 NW2d 595 (2005).

In this case, the second complainant testified that Algra sent him two photographs of male genitalia through a dating website. Deputy Fellows testified that he found photographs of male genitalia on Algra's school and home computers. This evidence was relevant because it tended to bolster the second complainant's credibility. Additionally, specifically regarding the

---

[1] Another witness had testified that Spiral is a "gay bar."

images on the computer, a number of witnesses had testified that Algra had a reputation for acting professionally as a teacher. Algra's professionalism made it less likely that he would engage in sexual activities with students. Evidence that tended to show that Algra was not professional, such as having images of male genitalia on his work computer, tended to refute that implication. We conclude that this evidence was relevant.

However, the trial court may exclude even relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. Unfair prejudice exists when there is a danger that the jury will give undue or preemptive weight to marginally probative evidence. *People v Mardlin*, 487 Mich 609, 627; 790 NW2d 607 (2010). The trial court has the best opportunity to contemporaneously assess the relative weight of the evidence's probative value and prejudicial effect. *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008).

As previously discussed, this evidence was more than marginally probative. Further, there was no indication that the jury would give the testimony undue or preemptive weight. The entire case involved sexual material, and a brief and general description of a photograph is not particularly shocking. The trial court also clearly considered the possible prejudice of the photographs and ways to lessen it. It determined that showing the jury the actual pictures would be unduly prejudicial, but allowing the jury to hear testimony about what the pictures contained would be less so. The trial court was in the best position to make that determination. It also gave a limiting instruction about the use of the evidence. We conclude that its decision was a principled outcome and thus not an abuse of discretion.

## V. HEARSAY

Algra contends that the trial court improperly admitted inadmissible hearsay while impeaching the student who testified that the victim was "obsessed" with him. We disagree.

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is generally inadmissible, unless it is subject to a hearsay exception. MRE 802; *Duncan*, 494 Mich at 724. The improper admission of hearsay may implicate the defendant's state and federal constitutional rights. See *People v Dendel (On Second Remand)*, 289 Mich App 445, 452-453; 797 NW2d 645 (2010).

Regarding prior inconsistent statements, MRE 613(b) provides that

[e]xtrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require. . . .

A prior inconsistent statement is not hearsay because "[t]he purpose of extrinsic impeachment evidence is to prove that the witness made a prior inconsistent statement—not to prove the contents of the statement." *People v Jenkins*, 450 Mich 249, 256; 537 NW2d 828 (1995).

-4-

In this case, the student testified that he had never sought a relationship with the victim. In the Facebook conversation, the student asked the victim to engage in a relationship. The prosecutor admitted evidence of the student's inconsistent statement. In response to defense counsel's objection, the prosecution stated that they were seeking to admit the statement for impeachment. The trial court admitted the statement into evidence for the limited purpose of impeachment.

To the extent that Algra contends that the victim's portion of the conversation was also hearsay, we disagree. "An out-of-court statement introduced to show its effect on a listener, as opposed to proving the truth of the matter asserted, does not constitute hearsay under MRE 801(c)." *People v Gaines*, 306 Mich App 289, 306-307; 856 NW2d 222 (2014). This occurs when the value of the statement does not depend on the truth of the statement. *Id*. at 307.

In this instance, to the extent that the victim's statements were also admitted, they were also not offered to prove the truth of the matter asserted. The value of the Facebook statements did not depend on whether the victim and the student did, or did not, engage in a relationship. The prosecutor offered the statements to show that the student was less than truthful on the witness stand about whether he ever wanted a relationship with the victim and whether the victim denied his request, and the trial court limited the purpose of the evidence to impeachment. We conclude that the trial court did not abuse its discretion by admitting the statement because it was not hearsay.

## VI. TESTIMONY INVOLVING THE SECOND COMPLAINANT

Algra raises two issues involving the second complainant—that the trial court improperly excluded testimony of a school counselor that he was an "over-exaggerator" and improperly admitted a search warrant exhibit as evidence during an attempt to rehabilitate his credibility.

A preserved error is the exclusion of evidence and is grounds for reversal only if it affirmatively appears that it is "more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). When the evidentiary error is preserved, nonconstitutional error, we presume that the error is harmless unless it appears from an examination of the entire record that it is more probable than not that the error affected the outcome. *Id*. at 496. "Merely framing an issue as constitutional does not make it so." *People v Blackmon*, 280 Mich App 253, 261; 761 NW2d 172 (2008).

As stated above, the jury acquitted Algra of the CSC charges involving the second complainant. These issues are purely evidentiary issues—neither threatened to deprive Algra of a fair trial. Therefore, even if we found merit in Algra's claims,[2] he cannot show that it is more

---

[2] Were we to fully analyze these issues, we would conclude that they lack merit. "The scope of cross-examination is within the discretion of the trial court," *People v Canter*, 197 Mich App 550, 564; 496 NW2d 336 (1992), and its decision to limit cross-examination on an issue that had been addressed—albeit with different vocabulary—did not fall outside the range of principled outcomes. The trial court also did not err by admitting as prior consistent statements some of the

probable than not that his inability to cross-examine a witness regarding the second complainant's character or the propriety of the prosecutions rehabilitation of the second complainant's credibility affected the outcome of his case. Because the jury acquitted Algra of the claims involving the second complainant, we conclude that these evidentiary errors are harmless.

## VI. CUMULATIVE ERROR

Finally, Algra contends that cumulative errors entitle him to a new trial. "The cumulative effect of several minor errors may warrant reversal even where individual errors in the case would not warrant reversal." *People v Knapp*, 244 Mich App 361, 388; 624 NW2d 227 (2001). We have found no errors in this case. We conclude that Algra has not shown that cumulative errors warrant reversal.

We affirm.

/s/ Stephen L. Borrello
/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell

---

second complainant's statements that Detective Gooley recorded in a search warrant, see MRE 801(d)(1)(B), because the prosecution offered statements to rehabilitate the second complainant's credibility, not Detective Gooley's.

-6-