PEOPLE v SCHAW

Docket No. 286410. Submitted November 12, 2009, at Lansing. Decided
    April 20, 2010, at 9:10 a.m.

Thomas Schaw, Jr., was convicted by a jury in the Kent Circuit Court
    of assault with intent to do great bodily harm less than murder,
    MCL 750.84; torture, MCL 750.85; and unlawful imprisonment,
    MCL 750.349b, after he choked and restrained his wife, held a
    knife to her neck, attempted to drug her, and threatened to kill her.
    At trial, the court, George S. Buth, J., denied defendant's motion
    for a mistrial based on the admission of audio recordings in which
    defendant told the victim that he was a convicted felon and had
    spent time in prison. Defendant appealed.

The Court of Appeals *held*:

1. The prosecution presented sufficient evidence to sustain
defendant's torture conviction. The victim testified that defen-
dant's violent acts caused her to hallucinate, lose control, and
experience flashbacks, which sufficed to establish that defendant
inflicted a mental injury that resulted in a substantial alteration of
mental functioning that was manifested in a visibly demonstrable
manner under MCL 750.85(2)(d). There was evidence from which
the jury could have concluded that these symptoms resulted from
the victim's preexisting mental conditions, but the special suscep-
tibility of a victim to a particular injury does not constitute an
independent cause that exonerates the defendant from criminal
liability. It was the jury's role to determine the extent to which
these symptoms were the result of defendant's conduct rather
than the victim's preexisting mental conditions.

2. The trial court did not abuse its discretion by denying
defendant's motion for a mistrial. Defendant's statements to the
victim that he was a convicted felon and had served time in prison
were relevant to show his consciousness of guilt under MRE
801(d)(2) because they were made in an effort to convince the
victim to alter her expected testimony at trial. There is no danger
that the jury gave these statements undue or preemptive weight in
light of the victim's detailed testimony regarding the assault,
defendant's consistent statements to a police officer, and defense

counsel's statement to the jury that defendant's previous conviction was of a different nature than the offenses for which he was on trial.

Affirmed.

CRIMINAL LAW — TORTURE — SEVERE MENTAL PAIN OR SUFFERING — PREEXISTING CONDITIONS.

A victim's special susceptibility to the type of injury a defendant caused does not constitute an independent cause that exonerates the defendant from criminal liability for torture (MCL 750.85).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *Timothy K. McMorrow*, Chief Appellate Attorney, for the people.

State Appellate Defender Office (by *Peter Jon Van Hoek*) for defendant.

Before: METER, P.J., MURPHY, C.J., and ZAHRA, J.

PER CURIAM. Defendant appeals as of right from his convictions by a jury of assault with intent to do great bodily harm less than murder, MCL 750.84; torture, MCL 750.85; and unlawful imprisonment, MCL 750.349b. The trial court sentenced him as a fourth-offense habitual offender, MCL 769.12, to 5 to 10 years' imprisonment for the assault conviction, 225 months' to 30 years' imprisonment for the torture conviction, and 5 to 15 years' imprisonment for the unlawful-imprisonment conviction. We affirm.

Defendant's convictions arose from an altercation he had with his wife Cheryl Schaw at their apartment on December 2, 2007. Defendant and Cheryl argued, and defendant choked and restrained Cheryl, held a knife to her neck, attempted to drug her, and threatened to kill her.

Defendant first argues that the prosecution presented insufficient evidence to sustain the torture conviction. We review this issue de novo. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In determining whether the prosecution presented sufficient evidence to sustain a conviction, this Court must construe the evidence in the light most favorable to the prosecution and consider whether a rational trier of fact could have determined that all the elements of the crime were proven beyond a reasonable doubt. *People v Johnson*, 460 Mich 720, 722-723; 597 NW2d 73 (1999).

MCL 750.85 provides, in relevant part:

> (1) A person who, with the intent to cause cruel or extreme physical or mental pain and suffering, inflicts great bodily injury or severe mental pain or suffering upon another person within his or her custody or physical control commits torture and is guilty of a felony punishable by imprisonment for life or any term of years.

> (2) As used in this section:

> (a) "Cruel" means brutal, inhuman, sadistic, or that which torments.

> (b) "Custody or physical control" means the forcible restriction of a person's movements or forcible confinement of the person so as to interfere with that person's liberty, without that person's consent or without lawful authority.

> (c) "Great bodily injury" means either of the following:

> (*i*) Serious impairment of a body function as that term is defined in section 58c of the Michigan vehicle code, . . . MCL 257.58c.

> (*ii*) One or more of the following conditions: internal injury, poisoning, serious burns or scalding, severe cuts, or multiple puncture wounds.

> (d) "Severe mental pain or suffering" means a mental injury that results in a substantial alteration of mental

functioning that is manifested in a visibly demonstrable manner caused by or resulting from any of the following:

(*i*) The intentional infliction or threatened infliction of great bodily injury.

(*ii*) The administration or application, or threatened administration or application, of mind-altering substances or other procedures calculated to disrupt the senses or the personality.

(*iii*) The threat of imminent death.

(*iv*) The threat that another person will imminently be subjected to death, great bodily injury, or the administration or application of mind-altering substances or other procedures calculated to disrupt the senses or personality.

(3) Proof that a victim suffered pain is not an element of the crime under this section.

Defendant did not cause great bodily injury to Cheryl. Therefore, the question is whether he "inflict[ed] . . . severe mental pain or suffering" upon her. MCL 750.85(1). To justify the conviction, defendant must have caused "a mental injury that result[ed] in a substantial alteration of mental functioning that [was] manifested in a visibly demonstrable manner . . . ." MCL 750.85(2)(d).[1] Defendant argues that this definition of "severe mental pain or suffering" was not satisfied at trial. Indeed, defendant specifically contends in his appellate brief that there was insufficient evidence "to permit a trier of fact to conclude that [Cheryl] sustained a mental injury that substantially altered her mental functioning in a visibly demonstrable manner." We disagree.

Significantly, Cheryl testified that she "started to hallucinate after the incident because *it put me in a*

---

[1] Defendant does not dispute that the additional requirement from MCL 750.85(2)(d)(*i*), (*ii*), (*iii*), or (*iv*) was satisfied here.

*state that I could not control . . . .*" (Emphasis added.) She also stated that the incident "scarred her," and she replied "yes" when asked whether the incident "affected [her] substantially." She testified: "I've had a flashback of body memories that was brought on by the violence that happened that night, and I haven't had the best of a childhood or anything, and it just brought a memory back and it was a serious one."

It is true that Cheryl had mental issues before the incident; she stated that she was manic-depressive and schizoaffective and was off her medication at the time of the attack. However, she stated that she had "gotten to the point" where she could "think through it" without her medication. As noted above, she indicated that the attack "put [her] in a state that [she] could not control," and she went on to testify that she went back on her medication after the attack.

While there was evidence that the jury could have credited to conclude that all of Cheryl's mental issues resulted solely from her preexisting conditions, there was also evidence that the jury could have credited, and evidently did credit, to conclude that defendant's attack caused some of her mental injuries. It is the jury's role to evaluate and weigh the evidence. *People v McRunels*, 237 Mich App 168, 181; 603 NW2d 95 (1999). That Cheryl experienced hallucinations and had to resume her medication after the attack was evidence of a substantial altering of mental functioning and evidence of a visibly demonstrable mental injury. As noted in *People v Alter*, 255 Mich App 194, 204-205; 659 NW2d 667 (2003), when a defendant causes an injury, the special susceptibility of a victim to a particular injury does not constitute an independent cause of the injury

such that a defendant is exonerated from criminal liability. Reversal is unwarranted.[2]

Defendant next argues that the trial court should have granted his motion for a mistrial. We review for an abuse of discretion a trial court's decision regarding a motion for a mistrial. *People v Nash*, 244 Mich App 93, 96; 625 NW2d 87 (2000). This Court will find an abuse of discretion if the trial court chose an outcome that is outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269-270; 666 NW2d 231 (2003); *Shulick v Richards*, 273 Mich App 320, 324; 729 NW2d 533 (2006). A trial court should grant a mistrial "only for an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial." *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995) (citations omitted).

This issue involves the recorded evidence of conversations defendant had with Cheryl while he was in jail. The prosecution introduced the audio recordings of one meeting at the jail and four telephone calls to show that defendant attempted to coerce Cheryl into changing her testimony. On the recordings, defendant stated multiple times that he was a convicted felon and had spent time in prison. Defendant contends that the admission of these statements warranted a mistrial.

Under MRE 402, relevant evidence is admissible unless excluded by the state or federal constitution or by a rule of evidence. MRE 401 defines relevant evidence as evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

---

[2] In a footnote in his appellate brief, defendant refers to certain jury instructions provided by the trial court and suggests that they were inadequate; however, he makes no reasoned appellate argument concerning the instructions and fails to assert that they require reversal.

probable than it would be without the evidence." Evidence that a defendant made efforts to influence an adverse witness is relevant if it shows consciousness of guilt. *People v Mock*, 108 Mich App 384, 389; 310 NW2d 390 (1981). Defendant's statements that he was a convicted felon and that he had previously served time in prison were relevant in this case because they were made in the context of his concerted efforts to convince Cheryl to recant her earlier statements regarding his conduct during the assault. The record makes clear that defendant was using his status as a previous prisoner in an attempt to convince Cheryl to lie during her anticipated testimony at the trial.[3] Defendant's efforts to influence Cheryl showed consciousness of guilt and were admissible as admissions under MRE 801(d)(2).

Defendant contends that the statements were inadmissible under MRE 403. MRE 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." "In this context, prejudice means more than simply damage to the opponent's cause. A party's case is always damaged by evidence that the facts are contrary to his contentions, but that cannot be grounds for exclusion." *People v Vasher*, 449 Mich 494, 501; 537 NW2d 168 (1995). Instead, "[e]vidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998).

Here, defendant's statements that he was a convicted felon and that he spent time in prison were made as

---

[3] For example, at one point defendant told Cheryl, "Look . . . I don't need to go to prison for this because if I go they're going to keep me there for a long time because I'm already a convicted felon. I've already been there once."

part of a concerted effort to manipulate Cheryl into lying to the authorities prosecuting the case. As such, they were highly probative of consciousness of guilt. Additionally, we find no danger that defendant's statements were given "undue or preemptive weight by the jury," *id.*, in light of Cheryl's clear and detailed testimony regarding the assault and defendant's own statements to a police officer, which were consistent with Cheryl's account of the incident. Moreover, we note that defense counsel informed the jury during her closing argument that the offense underlying defendant's previous conviction was different in nature from the charged offenses. Given the circumstances, we cannot conclude that the trial court abused its discretion by denying the motion for a mistrial.[4]

Affirmed.

---

[4] Defendant also argues that the prosecutor committed misconduct when he deliberately introduced evidence of defendant's statements in contravention of an agreement made between defense counsel and the prior prosecutor assigned to the case. Defendant asserts that the prosecutor's intentional misconduct amounted to grounds for granting his motion for a mistrial. However, the statements were admissible, as noted previously, and thus defendant did not suffer prejudice that impaired his ability to get a fair trial. *Haywood*, 209 Mich App at 228. Accordingly, a mistrial was not warranted.