# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 13, 2011

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

141213

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

THOMAS SCHAW, JR.,
      Defendant-Appellant.

SC: 141213
COA: 286410
Kent CC: 07-013103-FC

_____/

On order of the Court, the application for leave to appeal the April 20, 2010 judgment of the Court of Appeals is considered, and it is DENIED, there being no majority in favor of granting leave to appeal.

MARILYN KELLY, J. (*dissenting*).

I dissent and would grant defendant's application for leave to appeal. I write separately to explain my reasoning and express my disapproval of the prosecutor's behavior in this case.

During the trial, certain statements by defendant were admitted as admissions under MRE 801(d)(2). Included was a tape of a telephone conversation between defendant and his wife, as well as their conversation during one of her visits to him in jail. In these conversations, defendant stated that he was a convicted felon and had spent time in prison.

The prosecution redacted the statements defendant made about his prior conviction and time in prison from the written transcript that it provided to defense counsel. Consequently, counsel did not foresee that the statements would remain on the tape recording that was played for the jury at trial. However, the statements were left in and the jury heard them.

Defense counsel moved for a mistrial. The dialogue between the prosecutor, defense counsel, and the court on the motion for a mistrial established that the

prosecutor's failure to redact the recordings was clearly intentional. Both attorneys acknowledged an agreement between the previous prosecutor and defense counsel that the statements would not be admitted. The trial court concluded that the prosecutor's conduct was "inadvertent" and denied a mistrial.

On appeal, the Court of Appeals dismissed the prosecutor's misconduct in a footnote. The panel held that, because defendant's statements were admissible, "defendant did not suffer prejudice that impaired his ability to get a fair trial."[1] I find this a questionable conclusion worthy of further review. Moreover, I strongly disapprove of the prosecution's intentional decision to sandbag defense counsel.

The prosecutor could have notified defense counsel of his intent to unilaterally withdraw from the agreement, which would have given counsel the opportunity to try to prevent prejudice to defendant. For example, counsel could have sought an order enforcing the agreement or a protective order prohibiting disclosure of the past convictions. But instead, the prosecutor unilaterally and intentionally violated the agreement without prior notice. Therefore, the trial court was stuck with the option of giving a curative instruction (which both defense counsel and the court thought might prejudice defendant more by calling attention to his past convictions and imprisonment) or granting a mistrial. It did neither.

Finally, the trial court erroneously concluded that the prosecutor's misconduct was inadvertent. The record indicates the opposite conclusion— the prosecutor's conduct was intentional. This Court should rebuke such conduct in the strongest possible manner because it violates the basic tenet of fairness in interactions with opposing counsel. It also violates the spirit, if not the letter, of the Michigan Rules of Professional Conduct (MRPC)[2] and our court rules.[3]

I would grant leave to appeal to consider whether defendant suffered sufficient prejudice from the prosecutor's misconduct that it impaired his ability to get a fair trial. Accordingly, I dissent from the order denying defendant's application for leave to appeal.

CAVANAGH, J., joins the statement of MARILYN KELLY, J.

---

[1] *People v Schaw*, 288 Mich App 231, 238 n 4 (2010).

[2] See MRPC 3.4, "Fairness to Opposing Party and Counsel."

[3] See MCR 9.104(A)(3) (stating that a lawyer commits misconduct subject to disciplinary proceedings if he or she engages in conduct "that is contrary to justice, ethics, honesty, or good morals.").

HATHAWAY, J., would grant leave to appeal.

ZAHRA, J., did not participate because he was on the Court of Appeals panel.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 13, 2011

_____
Clerk