# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHERRY LYNN GONZALEZ also known as
SHERRY LYNN KENDRICK,

Defendant-Appellant.

UNPUBLISHED
February 23, 2016

No. 324373
Ogemaw Circuit Court
LC No. 14-004331-FH

Before: O'CONNELL, P.J., and OWENS and BECKERING, JJ.

PER CURIAM.

Defendant, Sherry Gonzalez, appeals by right her conviction following a jury trial of one count of delivery of less than 50 grams of a controlled substance, MCL 333.7401(2)(a)(*iv*). The trial court sentenced her to 30 days in jail and one year of probation. We affirm.

This prosecution stems from a controlled drug buy overseen by The Michigan State Police Strike Team Investigative Narcotics Group (STING). The officers used a confidential informant (CI), who set up a meeting with defendant in a grocery store parking lot and bought the drugs with money provided by the STING unit.

Defendant argues on appeal that her right to a fair trial was violated when the prosecutor sought to introduce other acts evidence while questioning the CI. The disputed question came up in the following context:

> *Q*. And going back to December 2, 2013, on the date, did you attempt to purchase illegal drugs as a CI?
>
> *A*. Yes, I did.
>
> *Q*. And from whom did you attempt to purchase those drugs from?
>
> *A*. Sherry.
>
> *Q*. And do you know Sherry's last name?
>
> *A*. Not—not real well.

-1-

*Q*. Okay.  And how do you know Sherry?

*A*.  Just through the neighborhood.

*Q*.  Okay.  Was this the first time you purchased drugs from her?

*A*.  No.

*Q*.  Okay.  How many times would you say you purchased drugs from her?

*Defense counsel*:  Objection your Honor.  I . . . think this is . . . a problem.

*Prosecutor*:  Well, it goes to identity, your Honor.

*The court*:  No.  No, it doesn't go to the identity.  If you want to identify, ask him to identify.

\* \* \*

Sustained.  You can't consider that.

Defense counsel indicated that he wished to bring a motion, at which time the jury was dismissed from the courtroom and defense counsel moved for a mistrial.  Counsel argued that his client was "entitled to a mistrial simply because I don't think we can fix that."  The trial court noted that the question may create the impression that defendant was a repeat offender and "she's not charged with that."  The trial court stated that it would take the motion under advisement until it polled the jury.

When the jury returned to the courtroom, the trial court explained to the jurors that even though they had heard the witness's answer, the objection to the question was proper, and the trial court had stricken the answer; as such, it would be inappropriate for the jurors to consider the answer in their deliberations.  The trial court explained that it did not know if the CI's answer was true, and that regardless, it made no difference because it was not in evidence.  The trial court then individually polled each juror to determine whether each person could follow the court's instruction and not give weight to "what I just struck."  The court assured the jurors that it was okay to admit if they would be unable to follow its instruction, as an extra juror was available.  Once it received affirmation from each juror, the trial court further instructed the jury:

> . . . I'm going to allow you to continue to sit and deliberate.  And you've taken an oath, you answered truthfully and completely, and you said you would follow the instructions I've given to you. . . .  What that testimony was never happened. . . .  We know it happened, but it didn't happen for purpose of this trial. . . .

The court denied the motion for mistrial.

On appeal, defendant argues that the trial court erred in denying her motion for a mistrial.  She also alleges that the prosecutor engaged in misconduct by pursuing the matter without

-2-

providing her with proper notice. The admissibility of other acts evidence is reviewed for an abuse of discretion. *People v Crawford*, 458 Mich 376, 383; 582 NW2d 785 (1998). A trial court's decision to deny a motion for a mistrial is also reviewed for an abuse of discretion. *People v Dennis*, 464 Mich 567, 572; 628 NW2d 502 (2001). An abuse of discretion occurs when the trial court chooses an outcome that is outside the range of principled outcomes. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010).

Issues of prosecutorial misconduct are reviewed de novo to determine whether the defendant was denied a fair and impartial trial. *People v Akins*, 259 Mich App 545, 562; 675 NW2d 863 (2003).

The admission of other acts evidence reflecting on a defendant's character is limited by MRE 404(b). *People v Starr*, 457 Mich 490, 495; 577 NW2d 673 (1998).

> For evidence of other crimes, wrongs, or acts to be admissible under MRE 404(b)(1), the proponent of the evidence must show three things: (1) that the other acts evidence is for a proper purpose (other than to show character and action in conformity therewith), (2) that the evidence is relevant to an issue of fact that is of consequence at trial, and (3) that, under MRE 403, the danger of unfair prejudice does not substantially outweigh the probative value of the evidence. [*People v Steele*, 283 Mich App 472, 479; 769 NW2d 256 (2009).]

MRE 404(b)(2) provides the procedural requirement for the admission of MRE 404(b)(1) evidence. The section reads as follows:

> The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence. If necessary to a determination of the admissibility of the evidence under this rule, the defendant shall be required to state the theory or theories of defense, limited only by the defendant's privilege against self-incrimination. [MRE 404(b)(2).]

The purposes of the notice requirement are

> (1) to force the prosecutor to identify and seek admission only of prior bad acts evidence that passes the relevancy threshold, (2) to ensure that the defendant has an opportunity to object to and defend against this sort of evidence, and (3) to facilitate a thoughtful ruling by the trial court that either admits or excludes this evidence and is grounded in an adequate record. [*People v Hawkins*, 245 Mich App 439, 454-455; 628 NW2d 105 (2001).]

Defendant argues that her right to a fair trial was compromised by the prosecution's failure to give notice under MRE 404(b)(2). A review of the record in this case shows that the prosecution failed to adhere to the notice requirement of the court rule. There was no written notice by the prosecution of its intent to introduce evidence of other bad acts. The first time

defendant was made aware of the prosecutor's desire to use the evidence was when it was brought up during the questioning of the CI.

However, defendant cannot show the requisite prejudice. First, the trial court gave strongly worded curative instructions when the ruling was made. See *People v Bennett*, 290 Mich App 465, 476; 802 NW2d 627 (stating that the court cannot find error that requires reversal where a curative instruction would have alleviated any prejudicial effect). In addition, the court's final instructions included the directive that the jurors were not to consider "excluded evidence or stricken testimony." "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Under the circumstances presented, there is no reason to doubt the presumption that the jurors were able to follow the trial court's instructions on this issue.

Further, the evidence against defendant is overwhelming. Prior to the drug transaction at issue, the CI called defendant on the telephone and arranged to meet defendant at the grocery store in order to make the exchange. The CI placed the call in the presence of one of the officers involved in the STING operation. The CI was searched, equipped with purchase money, and escorted to the drug exchange by one of the officers in an unmarked car. The officer witnessed the CI get into defendant's minivan, which drove away and returned shortly thereafter, at which point the CI exited the van and turned over to the officer five Oxycodone pills. Another officer followed defendant's van during the entire exchange. Police officers identified defendant as the driver of the minivan involved in the transaction; that van was registered to defendant. One officer testified that there was no one else in the minivan except for defendant and the CI. The CI's testimony positively identified defendant as the person who sold the drugs to him, and an audio recording of the transaction was played for the jury, as the CI was wired with a recording device.

In sum, defendant has not made an affirmative showing of prejudice or demonstrated that the trial court abused its discretion by denying her motion for a mistrial. See *People v Vettese,* 195 Mich App 235, 246; 489 NW2d 514 (1992).

Defendant also alleges prosecutorial misconduct, claiming that the improper evidence was placed before the jury for the very purpose of poisoning defendant's right to fair trial. Prosecutorial misconduct issues are decided on a case-by-case basis. *People v Mann*, 288 Mich App 114, 119; 792 NW2d 53 (2010). The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Where a defendant's claim of prosecutorial misconduct is based on an alleged violation of a specific, enumerated constitutional right, a reviewing court must "take special care to ensure that the prosecutor in no way infringes upon the specific constitutional right." *People v Blackmon*, 280 Mich App 253, 261; 761 NW2d 172 (2008). A prosecutor's good-faith effort to admit evidence does not constitute misconduct. *People v Brown*, 294 Mich App 377, 383; 811 NW2d 531 (2011).

Regardless of the prosecutor's motives, defendant has not shown that she was denied a fair and impartial trial. Again, the trial court struck the CI's answer to the prosecutor's question and gave an immediate and strongly worded curative instruction, which all the jurors indicated they would follow. Moreover, the evidence in support of the verdict was overwhelming.

Affirmed.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Jane M. Beckering