# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PATRICK DEAN STILES,

        Defendant-Appellant.

UNPUBLISHED
June 13, 2017

No. 332459
Montcalm Circuit Court
LC No. 2014-019508-FH

Before: GADOLA, P.J., and TALBOT, C.J. and GLEICHER, J.

PER CURIAM.

Jail inmates are not allowed to possess or use cell phones. A sergeant at the Montcalm County Jail suspected that defendant Patrick Stiles had broken this law and ordered Stiles strip-searched. Before starting the search, an officer asked Stiles "if he had anything in his possession he was not supposed to have," and Stiles responded affirmatively. Stiles unsuccessfully sought to suppress this statement as the product of a custodial interrogation conducted in violation of *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). He renews that challenge on appeal.

Regardless of whether Stiles should have received a *Miranda* warning before being asked the contested question, discovery of the cell phone was inevitable. Because overwhelming admissible evidence supported Stiles's conviction, we affirm.

I

Based on a tip regarding a contraband cell phone, Officers Andrew Crebassa and Chad Colville were ordered to strip-search inmate Stiles. The officers retrieved Stiles from a dormitory and accompanied him to the inmate property room. The property room is located within a closed and locked area of the jail. Stiles was not handcuffed at any time.

In the property room, Officer Crebassa asked Stiles "if he had anything in his possession he was not supposed to have." Stiles "replied with a yes, yup," and removed a cell phone from his underwear. Invoking *Miranda*, Stiles's counsel objected to Crebassa's testimony at the preliminary examination. The district court judge did not rule on the objection. Counsel subsequently filed a circuit court motion to quash Stiles's statement which was granted in part. The circuit court found the setting custodial, reasoning: "He was not free to leave. He was going to be searched. He was not going to be able to leave afterwards." Nevertheless, the court ruled,

-1-

Crebassa's initial inquiry fell outside the *Miranda* rule as it was a noncoercive "safety question." Further questions and answers, the court declared, were inadmissible.

At trial, Crebassa recounted that Stiles had "said yep" when asked whether he had anything he should not have. In an unresponsive answer to one of the prosecutor's questions, Crebassa directly contravened the circuit court's suppression ruling by volunteering that Stiles had made a second statement:

> *Q*. So with - - you said he reached into his pants?
>
> *A*. Pants, underwear, he reached into his - - yeah,
>
> *Q*. Into his crotch?
>
> *A*. Yes.
>
>                 \* \* \*
>
> *A*. Yeah, it sounds right. He did reach into his underwear.
>
> *Q*. Okay. And he pulled something out?
>
> *A*. Yes, the cell phone.
>
> *Q*. Describe for me - - well you said it's a cell phone. Was there any doubt in your mind that it was a cell phone when you first saw it?
>
> *A*. No. He also told me it was a cell phone.

Defense counsel objected as the prosecution asked one more question:

> *Q*. He replied a cell phone, correct?
>
> *A*. Yes.

The prosecutor apologized and defense counsel moved for a mistrial. The court denied defendant's mistrial motion and with defense counsel's approval, read the following curative instruction to the jury:

> Members of the jury, I have stricken testimony that was heard. Specifically, you heard evidence from Officer Crebassa that Mr. Stiles said he had a cell phone. The Court has ruled that that statement is not admissible against Mr. Stiles. Do not consider that statement in deciding this case. Make your decision only on the evidence that I let in and nothing else.

Other witnesses confirmed that Stiles had produced a cell phone from his underwear, and described the chain of custody for the device. Stiles's counsel presented the testimony of Officer Colville, who volunteered that in answer to Officer Crebassa's question, Stiles "stated it was a cell phone and then removed" it. The court instructed the jurors to disregard Colville's answer.

The jury deliberated for about 15 minutes before convicting defendant as charged.[1]

II

We review de novo a trial court's ruling on a suppression motion, *People v Steele*, 292 Mich App 308, 313; 806 NW2d 753 (2011), and its application of Fourth Amendment principles. *People v Jenkins*, 472 Mich 26, 31; 691 NW2d 759 (2005). The introduction of incriminating statements in violation of *Miranda* may qualify as harmless error. *Arizona v Fulminante*, 499 US 279, 295-296; 111 S Ct 1246; 113 L Ed 2d 302 (1991)

III

We need not decide whether Stiles's statement should have been suppressed, as the inevitable discovery exception to the exclusionary rule permits the admission of unlawfully obtained evidence "[i]f the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means." *Nix v Williams,* 467 US 431, 444; 104 S Ct 2501; 81 L Ed 2d 377 (1984). Stiles has raised no challenge to the search of his person and clothing. Nor has Stiles denied that the search would have yielded the cell phone, even had he not produced it in response to Officer Crebassa's question. The detection of the cell phone was inevitable, rendering Stiles's statements inconsequential.

Even assuming that Stiles's statements should not have been admitted, their introduction did not contribute to the jury's verdict. "A constitutional error is harmless if '[it is] clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.' " *People v Mass*, 464 Mich 615, 640 n 29; 628 NW2d 540 (2001), quoting *Neder v United States*, 527 US 1, 18; 119 S Ct 1827; 144 L Ed 2d 35 (1999) (alteration in original). There must be "no reasonable possibility that the evidence complained of might have contributed to the conviction." *People v Anderson (After Remand)*, 446 Mich 392, 406; 521 NW2d 538 (1994) (quotation marks and citations omitted). We are convinced beyond a reasonable doubt that Stiles's statements did not affect the outcome of this case. The untainted evidence—a cell phone in Stiles's possession—undoubtedly sealed Stiles's fate with the jury. That evidence, defendant concedes, was properly admitted.

The same reasoning leads us to conclude that the trial court's denial of defendant's motion for a mistrial did not constitute an abuse of discretion. See *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). The brief and inadmissible evidence was cumulative, and

---

[1] Stiles was charged with violating MCL 801.262a(2), which provides in relevant part that "[a] prisoner shall not possess or use a cellular telephone . . . in a jail . . . except as authorized by the person in charge of the jail."

in part the product of an unresponsive answer to the prosecutor's question. A curative instruction approved by defense counsel was given twice. The trial court properly determined that a mistrial was unwarranted.

We affirm.

/s/ Michael F. Gadola
/s/ Michael J. Talbot
/s/ Elizabeth L. Gleicher