# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT LEONARD PENNINGTON,

Defendant-Appellant.

UNPUBLISHED
January 18, 2018

No. 335237
Oakland Circuit Court
LC No. 2016-257825-FH

Before: TALBOT, C.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of unlawful imprisonment, MCL 750.349b, interfering with electronic communications, MCL 750.540(5)(a), and domestic violence (second offense), MCL 750.81(2) and (4). Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to 6 to 22½ years' imprisonment for his unlawful imprisonment conviction, one to three years' imprisonment for his interfering with electronic communications conviction, and time served of 241 days for his domestic violence (second offense) conviction. We affirm.

On appeal, defendant argues that the trial court should have excluded his other acts of domestic violence because they were not offered for a proper purpose and were unfairly prejudicial. We disagree. "The decision to admit evidence is within a trial court's discretion, which is reviewed for an abuse of that discretion." *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). "Preliminary questions of law, such as whether a rule of evidence or statute precludes the admission of particular evidence, are reviewed de novo, and it is an abuse of discretion to admit evidence that is inadmissible as a matter of law." *Bynum*, 496 Mich at 623.

MCL 768.27b provides that

in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

-1-

MCL 768.27b(5)(a) defines an "offense involving domestic violence," in part, as "[c]ausing or attempting to cause physical or mental harm to a family or household member" or "[p]lacing a family or household member in fear of physical or mental harm." MCL 768.27b(5)(b) defines a "[f]amily or household member," in part, as "[a]n individual with whom the person resides or has resided," "[a]n individual with whom the person has or has had a child in common," or "[a]n individual with whom the person has or has had a dating relationship."

Generally speaking, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Under MCL 768.27b, a trial court may admit evidence of a defendant's other acts of domestic violence to show "a full and complete picture of a defendant's history [that] tend[s] to shed light on the likelihood that a given crime was committed." *People v Cameron*, 291 Mich App 599, 610; 806 NW2d 371 (2011) (citation and quotation marks omitted). This Court has held that, unlike other acts evidence introduced under MRE 404(b), MCL 768.27b "permits evidence of prior domestic violence in order to show a defendant's character or propensity to commit the same act." *People v Railer*, 288 Mich App 213, 219-220; 792 NW2d 776 (2010). In addition to demonstrating a defendant's propensity to commit these acts, evidence of the other acts may be relevant to show that the defendant's actions were not an accident and to assist the jury in reaching a decision regarding witness credibility. See *Cameron*, 291 Mich App at 610.

Even if the evidence is relevant and admissible under MCL 768.27b, the evidence is still subject to MRE 403. See MCL 768.27b. MRE 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," among other considerations. "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998).

The trial court did not abuse its discretion when it admitted other acts of domestic violence. First, Tammy Watson and Concetta LaMacchio-Cox were covered under the statute as family or household members, as each had a former dating relationship with defendant, and LaMacchio-Cox had a child in common with defendant. See MCL 768.27b(5)(b). The testimonies of these witnesses were covered under the statute, as the incidents testified to directly related to acts that "involved domestic violence." LaMacchio-Cox had four incidents, which included assaults, threats to kill, and injury-causing batteries. Watson likewise had four incidents, which included assaults, threats to kill, and injury-causing batteries. Therefore, the acts were admissible under MCL 768.27b.

Further, the acts were not overly prejudicial. Defendant contends on appeal that the other acts were overly prejudicial because they tended to show his propensity for domestic violence. However, the fact that the other acts showed defendant's propensity for domestic violence did not make their admission substantially prejudicial because MCL 768.27b allows evidence of a defendant's character and propensity towards domestic violence to be placed before the jury. See *Railer*, 288 Mich App at 219-220. Defendant does not point to any specific act or witness testimony that he finds to be overly prejudicial, and we are unable to find any such testimony.

Accordingly, the trial court did not abuse its discretion when it granted the prosecution's motion to admit defendant's other acts of domestic violence under MCL 768.27b.[1]

Next, defendant argues that a statement made by the prosecutor during closing argument constituted misconduct requiring reversal. We disagree. "Generally, a claim of prosecutorial misconduct is a constitutional issue that is reviewed de novo, but a trial court's factual findings are reviewed for clear error." *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). "The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial." *Id*. "Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014).

During the prosecutor's closing argument, she was addressing the charge of unlawful confinement when she made the following statement:

> If I did not have . . . sufficient evidence to support this charge. . . . If I was not allowed to present this charge legally the Judge would not allow this charge to be before you.

Defendant immediately objected and argued that "it's the jury's determination of whether or not [the evidence supports] this offense . . . not your Honor's[,] and that . . . misstates the law in the State." The trial court gave the following curative instruction:

> It's true. I merely instruct the jury on the law that applies to the offenses that have been charged, so move on.

To any extent that the prosecutor erred in making this statement, it was not overly prejudicial to defendant when considered in context of the record as a whole. During closing, both parties and the trial court repeatedly expressed to the jury that the jury alone was responsible for determining defendant's guilt beyond a reasonable doubt. The trial court instructed the jury that defendant is entitled "to a verdict of not guilty unless [the jury is] satisfied beyond a reasonable doubt that [defendant] is guilty" and "[t]he evidence must convince you beyond a reasonable doubt that the defendant committed the alleged crime or you must find him not guilty." Ultimately, the jury heard from the trial court and the parties stated over 30 times that the jury alone was responsible for determining whether defendant was guilty beyond a reasonable doubt. Accordingly, the prosecution's single misstatement, taken in the context of the entire record, does not demonstrate that defendant was denied a fair or impartial trial. See *Brown*, 279 Mich App at 134.

---

[1] Defendant also argues in passing that the scope of the prosecution's examination of the witnesses exceeded the scope of MCL 768.27b. However, defendant does not cite specific testimony that he alleges is unrelated to domestic violence. Based on our review the transcripts, the two witnesses' testimonies did not exceed the permitted purpose of getting a "full and complete picture of defendant's history" that tends to show the likelihood that he committed domestic violence against the victim. See *Cameron*, 291 Mich App at 610.

Moreover, the trial court immediately clarified its role in determining defendant's guilt. "Curative instructions are sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements." *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009). "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). Because the prosecution's statement was not overly prejudicial to defendant, the trial court's instruction cured the misstatement, and the jurors were presumed to follow the trial court's instruction. See *Seals*, 285 Mich App at 22; *Abraham*, 256 Mich App at 279.[2]

Defendant also argues that the evidence for the unlawful confinement conviction was insufficient. We disagree. Challenges to the sufficiency of the evidence are reviewed de novo. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). "In reviewing the sufficiency of the evidence on appeal, a court should view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted). "[I]t is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Flick*, 487 Mich 1, 24–25; 790 NW2d 295 (2010) (quotation marks and citation omitted). "[C]ircumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime." *Solloway*, 316 Mich App at 180-181.

> The elements of unlawful imprisonment are:
>
> A person commits the crime of unlawful imprisonment if he or she knowingly restrains another person under any of the following circumstances:
>
> (a) The person is restrained by means of a weapon or dangerous instrument.
>
> (b) The restrained person was secretly confined.
>
> (c) The person was restrained to facilitate the commission of another felony or to facilitate flight after commission of another felony. [MCL 750.349b(1); *People v Bosca*, 310 Mich App 1, 18; 871 NW2d 307 (2015), app held in abeyance 872 NW2d 492 (Mich, 2015).]

"The term 'restrain' is defined within the statute as 'to forcibly restrict a person's movements or to forcibly confine the person so as to interfere with that person's liberty without that person's

---

[2] To the extent that defendant argues that the trial court erred by not granting his motion for a mistrial, we find that argument to also be meritless. "A trial court should grant a mistrial only for an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial." *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). The prosecutor's comments did not deny defendant a fair trial, and any prejudice was slight. Considering all of the evidence in the case, the prosecutor's remarks did not deny defendant a fair trial.

consent or without lawful authority.' " *Bosca*, 310 Mich App at 18, quoting MCL 750.349b(3)(a). Restraint need not occur "for any particular length of time." MCL 750.349b(3)(a). The term "[s]ecretly confined" is defined as "(i) [t]o keep the confinement of the restrained person a secret" or "(ii) [t]o keep the location of the restrained person a secret." MCL 750.349b(3)(b).

At trial, the victim testified that she was restrained by defendant when he screwed the doors of the house shut so that the victim could not leave the house, thereby restricting her movements. Defendant argues that the victim was not being *secretly* confined because the victim's ex-husband knew where the victim was. See MCL 750.349b(1)(b); MCL 750.349b(3)(b)(ii). However, there was no evidence at trial that the victim's ex-husband actually knew that the victim was at her Waterford home when she was being restrained by defendant. Moreover, the evidence was sufficient for the jury to find that the victim's ex-husband did not know the victim was being confined and that defendant was keeping that confinement a secret. See MCL 750.349(3)(b)(i). Although the victim sent a text message to her ex-husband stating "[h]e's locking me in please help" while defendant was screwing the house's doors shut, the ex-husband's response showed that he was confused as to what the victim meant by "he's locking [her] in." The victim's testimony at trial further revealed that defendant took the victim's phone after she reached out to her ex-husband and proceeded to impersonate the victim for the specific purpose of convincing the victim's ex-husband that the victim was not actually being confined. At trial, the victim's ex-husband testified that the subsequent texts he received from the victim's phone convinced him that the victim was safe and that there was no emergency. Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt that the victim's ex-husband did not know that the victim was being confined and that defendant kept the victim's confinement a secret. Therefore the victim's confinement while she was being restrained satisfied the requirements for being "[s]ecretly confined" under MCL 750.349b(3)(b)(ii). Accordingly, the evidence was sufficient to support defendant's conviction of unlawful imprisonment under MCL 750.349b(1)(b).

Alternatively, a rational trier of fact could have found beyond a reasonable doubt that the victim was restrained to facilitate flight after commission of another felony, see MCL 750.349(1)(c); specifically, interfering with her electronic communications. Although the victim was originally restrained prior to the confiscation of her cellphone, she remained restrained after defendant committed the felony of interfering with her electronic communications. A rational fact-finder could infer that, at the point that defendant took the victim's cellphone and continued restraining her, she was being restrained for defendant's purpose of preventing police involvement related to the interference with the victim's electronic communications. Viewing this evidence in a light most favorable to the prosecution, a rational fact-finder could find beyond a reasonable doubt that defendant unlawfully confined the victim. See *Reese*, 491 Mich at 139.

Affirmed.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien

-5-