*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
June 10, 2021

v

No. 352323
Ionia Circuit Court
LC No. 2018-017629-FC

KENNETH PAUL STALEY, JR.,

Defendant-Appellant.

Before: BOONSTRA, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals by right his jury trial conviction of being a prisoner in possession of a weapon, MCL 800.283(4). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to a prison term of 45 months to 15 years. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2018, while an inmate at the Ionia Correctional Facility, defendant was involved in a dispute with a corrections officer that ultimately led to the deployment of the facilities response team to extract defendant from his cell. Correctional Officer Brice Allen Swanson was part of the team, and testified that during the extraction he saw defendant throw a small object over his shoulder into the corner of his cell. After defendant was removed from his cell, Officer Swanson performed a search and found a comb that had been fashioned into an improvised stabbing weapon. After Officer Swanson removed the comb from defendant's cell, he took it to the control center, photographed it, sealed it, and placed it into the evidence locker. Michigan State Police Trooper Brad Hetherington then preformed an investigation, and defendant was eventually charged as described. During trial, Officer Swanson and two other correctional officers testified about extracting defendant from his cell and the subsequent search of the cell, and Trooper Hetherington testified about his subsequent investigation into the incident. Defendant also testified at trial and denied that the comb belonged to him, arguing that the correctional officers had planted the comb in his cell.

During Trooper Hetherington's direct examination, the following colloquy occurred while the prosecution was eliciting testimony about how Trooper Hetherington became involved in defendant's case:

> [*The prosecution*]: And did you attempt to conduct an interview with [defendant]?
>
> *Trooper Hetherington*: I did try.
>
> [*The prosecution*]: Did he speak to you?
>
> *Trooper Hetherington*: No. He declined to speak to me about what happened.

Defense counsel objected on the ground that Trooper Hetherington's answer violated defendant's constitutional right to remain silent. The trial court sustained the objection and immediately instructed the jury as follows:

> And then ladies and gentlemen, as I've mentioned, I think I've mentioned this earlier and I will certainly mention it again in instructions. The fact that the defendant chooses not to speak with the officer, the Trooper here or even today, we certainly talked about that, cannot be held again him. I'll remind you the defendant is not required to do anything here today. And he's certainly not required to give a statement either today or at a prior date and time with the Trooper.

The prosecution then continued to question Trooper Hetherington without referring to the previous statement.

After the close of defendant's proofs, defense counsel moved for a mistrial, arguing that the prosecution had knowingly elicited testimony from Trooper Hetherington that violated defendant's constitutional right to remain silent, and that the curative instruction was not sufficient. The trial court denied the motion, holding that its previous instruction was sufficient, and it offered to provide a further curative instruction upon request. During the final jury instructions, the trial court instructed the jury to disregard any evidence that had been excluded during trial.

Defendant was convicted and sentenced as described. This appeal followed.

## II. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's decision to deny a motion for a mistrial. *People v Dennis*, 464 Mich 567, 572; 628 NW2d 502 (2001). "This Court will find an abuse of discretion if the trial court chose an outcome that is outside the range of principled outcomes." *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). We review de novo questions of constitutional law. *People v Shafier*, 483 Mich 205, 211; 768 NW2d 305 (2009).

## III. ANALYSIS

Defendant argues that the trial court abused its discretion by denying his motion for a mistrial. We disagree.

The Fifth Amendment to the United States Constitution "guarantees that no person shall be compelled in any criminal case to be a witness against himself." *Id*. at 212 (quotation marks and citation omitted). See also *Malloy v Hogan*, 378 US 1, 3; 84 S Ct 1489; 12 L Ed 2d 653 (1964) (holding that the Due Process Clause of the Fourteenth Amendment made the Fifth Amendment applicable to the states). Additionally, in *Miranda v Arizona*, 384 US 436, 444-445; 86 S Ct 1602; 16 L Ed 2d 694 (1996), the United States Supreme Court "established guidelines for law enforcement agencies and courts to follow in order to protect the privilege against compelled self-incrimination during custodial police interrogations." *Shafier*, 483 Mich at 212 (quotation marks and citation omitted). Specifically, this Court held that "every person subject to interrogation while in police custody must be warned, among other things, that the person may choose to remain silent in response to police questioning." *Id*. See *Miranda*, 384 US at 444-445. However, "service of a term of imprisonment, without more, is not enough to constitute *Miranda* custody." *Howes v Fields*, 565 US 499, 512; 132 S Ct 1181; 182 L Ed 2d 17 (2012). See also *People v Cortez*, 299 Mich App 679, 699-701; 832 NW2d 1 (2013).

Generally, "if a person remains silent after being arrested and given *Miranda* warnings, that silence may not be used as evidence against that person," and a prosecutor's reference to the defendant's post-arrest, post-*Miranda* silence violates the defendant's "due process rights under the Fourteenth Amendment of the United States Constitution." *Shafier*, 483 Mich at 212. This is especially true when the prosecution attempts to use defendant's silence in its case-in-chief as evidence of defendant's guilt. *Id*. See also *Wainwright v Greenfield*, 474 US 284, 292-295; 106 S Ct 634; 88 L Ed 2d 623 (1986). However, a single reference to a defendant's silence, in some circumstances, does not constitute a violation. See *Greer v Miller*, 483 US 756, 764-765; 107 S Ct 3102, 97 L Ed 2d 618 (1987); *Dennis*, 464 Mich at 577-583.

In this case, the record is unclear as to whether defendant explicitly invoked his privilege against self-incrimination or whether defendant's silence occurred during a custodial interrogation; Trooper Hetherington only testified that defendant declined to participate in an "interview" with him. However, even if defendant's silence occurred in reliance on his Fifth Amendment right to remain silent during a custodial interrogation, and was therefore constitutionally protected, the trial court did not abuse its discretion by denying defendant's request for a mistrial. See *Dennis*, 464 Mich at 572, 577-583; *Greer*, 483 US at 764-765.

In *Greer*, 483 US at 759, the prosecution asked the defendant on cross-examination why he did not tell anyone his story after he was arrested. Defense counsel objected immediately, and the trial court sustained the objection and told the jury to disregard it. *Id*. The prosecution "did not pursue the issue further, nor did it mention it during its closing argument." *Id*. Defense counsel later moved for "a mistrial on the ground that the prosecutor's question violated [the defendant's] right to remain silent after arrest." *Id*. The trial court denied the motion, but it specifically instructed the jury to disregard any question to which it had sustained objections. *Id*. The United States Supreme Court later held that "[t]he sequence of events in this case—a single question, an immediate objection, and two curative instructions—clearly indicates that the prosecutor's improper question did not violate [the defendant's] due process rights." *Id*. at 766.

Similarly, in *Dennis*, 464 Mich at 570, the prosecution asked a detective what type of follow-up investigation he had performed, and the detective testified that although he had attempted to interview the defendant, the defendant refused to speak to him because he wanted to

-3-

speak to a lawyer first. Defense counsel moved for a mistrial, which the trial court denied. *Id*. at 571. Instead, while providing the final jury instructions, the trial court informed the jury that the defendant's refusal to speak could not be used against him. *Id*. The Michigan Supreme Court, presuming that the defendant's refusal to speak occurred while in police custody and after the defendant was provided his *Miranda* rights, held that the defendant's constitutional right to due process was not denied and that the trial court did not abuse its discretion by denying the defendant's request for a mistrial. *Id*. at 570-571, 581-583. In reaching its conclusion, the Court relied on the following factors:

> (1) the limited nature of the improper testimony, (2) the lack of any effort by the prosecution to improperly use defendant's invocation of the *Miranda* rights against him, (3) the strong curative instruction used by the trial court, and (4) that defendant did not testify so there is no concern of his post-*Miranda* silence having been used for impeachment purposes. [*Id*. at 583.]

Furthermore, this Court has stated that a new trial would be warranted in a situation in which "the prosecutor's injection of the silence issue into trial was deliberate, the defendant's silence was further emphasized during closing argument, and defendant's credibility was critical to his defense." *People v Alexander*, 188 Mich App 96, 104-105; 469 NW2d 10 (1991).

In this case, defendant's credibility was critical to his defense. *Id*. at 105. But it is far from clear that the prosecution's injection of the issue of defendant's silence was deliberate. See *id*. at 104. In response to defense counsel's motion for a mistrial, the prosecution contended that it did not intentionally violate defendant's constitutional rights. The prosecution never revisited the issue of defendant's silence, including during closing argument and rebuttal. See *id*. Furthermore, there was no indication that the prosecution attempted to impeach defendant with the issue of silence. See *Dennis*, 464 Mich App at 583.

As in *Greer* and *Dennis*, the challenged testimony was given in response to a single question from the prosecution, followed by an immediate objection from defense counsel that the trial court sustained. See *Greer*, 483 US at 766; *Dennis*, 464 Mich at 570-571, 581-583. And the trial court immediately issued a curative instruction after defense counsel's objection and later instructed the jury to disregard excluded evidence during final jury instructions. See *id*.

We conclude that defendant's constitutional rights were not violated. The statement made by Trooper Hetherington, while impermissible, was the subject of an immediate, sustained objection and curative instruction. Defendant has not demonstrated that his right to a fair trial was impaired. *People v Haywood*, 209 Mich App 217, 228; 503 NW2d 497 (1995). The trial court

did not abuse its discretion by denying defendant's motion for a mistrial. See *Dennis*, 464 Mich at 581.

Affirmed.[1]

/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Deborah A. Servitto

---

[1] In a footnote to its brief on appeal, the prosecution requests that this Court remand this case and order the correction of defendant's judgment of sentence. Specifically, the prosecution asserts that defendant's judgment of sentence incorrectly identifies his conviction date as January 15, 2019, rather than the correct date of December 5, 2019. Neither party raised this issue in the trial court, defendant did not raise this issue in his brief on appeal, and the prosecution did not file a cross-appeal under MCR 7.207. We believe that the trial court is the appropriate forum to address this issue, and we therefore decline to address it in the first instance on appeal. See *People v Woolfolk*, 304 Mich App 450, 475; 848 NW2d 169 (2014); see also *People v Hamacher*, 432 Mich 157, 168; 438 NW2d 43 (1989).