*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision
until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PAUL BRIAN LAFAY,

        Defendant-Appellant.

UNPUBLISHED
May 18, 2023

No. 360243
Ingham Circuit Court
LC No. 20-000620-FH

Before: CAMERON, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

Defendant Paul Brian Lafay appeals by right his jury-trial convictions of operating a vehicle while intoxicated (OWI) and operating a vehicle without a license. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On March 20, 2019, a trooper from the Michigan State Police responded to a complaint of a suspicious vehicle at an intersection. When the trooper arrived, he observed defendant's truck at the intersection with its headlights and taillights activated. Defendant appeared unresponsive and slumped over. The trooper left his patrol car and tried to make contact with defendant who did not initially respond. When defendant did respond to the trooper's commands, he appeared confused and belligerent. The trooper later testified that there was an overwhelming odor of intoxicants and defendant had slurred speech and bloodshot and watery eyes. When the trooper asked how much defendant had had to drink, defendant admitted to drinking "three, four, five or six beers," but also stated that he drank shots and beers earlier that day. The trooper observed multiple small vodka bottles under the defendant's driver seat, and he noted that some of the bottles were empty or partially empty. A laboratory test of defendant's blood indicated he had 0.287 grams of alcohol per 100 milliliters.

Defendant was convicted of operating while intoxicated, third offense, MCL 257.625(1); MCL 257.625(9)(c), and operating a vehicle without a license, MCL 257.301(1). Defendant was sentenced to serve 174 days in jail with credit for 174 days served, and to complete 18 months of probation. This appeal followed.

-1-

## II. SUFFICIENCY OF EVIDENCE

### A. STANDARD OF REVIEW

We review de novo a challenge to the sufficiency of evidence to support a conviction. *People v Speed*, 331 Mich App 328, 331; 952 NW2d 550 (2020). "In examining the sufficiency of the evidence, this Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *Id*. (quotation marks and citation omitted). This Court must "draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "The scope of review is the same whether the evidence is direct or circumstantial." *Id*.

### B. ANALYSIS

Defendant argues that due process requires reversal of his OWI conviction because the prosecutor presented insufficient evidence to establish he was intoxicated while actually operating his vehicle. We disagree.

"OWI is a hybrid version of two offenses: MCL 257.625(1)(a) prohibits operating a motor vehicle under the influence of intoxicating liquor (OUIL) and MCL 257.625(1)(b) prohibits operating with an unlawful bodily alcohol content (UBAL)." *People v Hyde*, 285 Mich App 428, 447-448; 775 NW2d 833 (2009). Therefore, an OWI conviction requires proof of three elements: "(1) the defendant operated a motor vehicle (2) on a highway or other place open to the general public or generally accessible to motor vehicles (3) while under the influence of liquor or a controlled substance, or a combination of the two, *or* with a blood alcohol content of 0.08 grams or more per 100 milliliters of blood." *Id*. at 448. "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Nowack*, 462 Mich at 400 (quotation marks and citations omitted).

Defendant argues that he was not "operating" his truck within the meaning of MCL 257.35a(a), which defines " '[o]perate' " or " 'operating' " to include "[b]eing in actual physical control of a vehicle," because his truck was disabled. This argument is unpersuasive. In *People v Wood*, 450 Mich 399, 404-405; 538 NW2d 351 (1995), the Michigan Supreme Court stated:

> We conclude that "operating" should be defined in terms of the danger the OUIL[1] statute seeks to prevent: the collision of a vehicle being operated by a person under the influence of intoxicating liquor with other persons or property. Once a person using a motor vehicle as a motor vehicle has put the vehicle in motion, or in a position posing a significant risk of causing a collision, such a person continues to operate it until the vehicle is returned to a position posing no such risk.

When viewing the evidence in a light most favorable to the prosecution, there was sufficient circumstantial evidence presented to support the jury's verdict. Defendant concedes that his blood-alcohol content was above the legal limit when his blood was taken, and he admitted to driving his truck to the

---

[1] The offense of operating under the influence of liquor (OUIL) under former MCL 257.625(1) was amended by 2003 PA 61 to refer instead to operating while intoxicated (OWI).

intersection before it became disabled. Additionally, defendant smelled of alcohol and admitted to drinking earlier in the day, and the arresting trooper observed multiple vodka bottles under defendant's driver seat, noting that some were empty or partially empty. The lack of direct statements or witness testimony presented at trial to show the alcohol consumption occurred before defendant's truck broke down is immaterial given the circumstantial evidence presented.

Moreover, the trooper observed defendant's truck at the intersection with the headlights and taillights activated. The trooper testified that defendant's truck was not parked next to the curb and that other vehicles had to drive on the sidewalk to get around the truck, which created a traffic hazard. Accordingly, the truck was "in a position posing a significant risk of causing a collision" when the trooper arrived. See *Wood*, 450 Mich at 405. Similarly, defendant admitted he had been drinking earlier in the day, stating he had consumed shots of liquor and three to six beers. It was, therefore, reasonable for the jury to infer that defendant was operating his vehicle while impaired prior to the time at which it became inoperable. Viewing the evidence and reasonable inferences in the light most favorable to the prosecution, there was sufficient evidence to support defendant's OWI conviction.

## III. MISTRIAL

### A. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for mistrial for an abuse of discretion. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes." *People v Lane*, 308 Mich App 38, 60; 862 NW2d 446 (2014).

### B. ANALYSIS

Defendant also argues the trial court abused its discretion by denying his motion for mistrial after the arresting trooper testified about defendant's previous OWI convictions. Defendant contends that the testimony was irrelevant and highly prejudicial, and that the prejudicial effect was not cured by the jury instructions because the testimony was elicited by the prosecutor. We disagree.

During the direct examination of the arresting trooper, the prosecutor asked how the trooper learned defendant did not have a valid driver's license:

> *Q*. So, you said you learned he did not have a valid driver's license; did you learn how it was—it was not valid, if that makes sense?
>
> *A*. Um, so, we get a return, more or less, through a Secretary of State message that shows why it's not valid, um, and I scrolled through that information to find that it was to do with prior OWI's.

Immediately following this testimony, the prosecutor asked to approach the bench, and the jury was excused. Defense counsel moved for a mistrial on the basis of the prejudicial effect the trooper's testimony had on the jury. Defense counsel argued that a jury instruction would not be enough to cure the potential bias. The trial court denied defense counsel's motion, noting that defendant was "compromised right at the start" because of the charge of operating a vehicle without a license, which suggested there

was a reason defendant did not have a license. The trial court ruled that an instruction to the jury would cure the matter, and the jury was brought back and immediately given an instruction that defendant's previous driving activity or criminal activity was not relevant to the trial and should be disregarded.

"A mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial." *People v Ortiz-Kehoe*, 237 Mich App 508, 513-514; 603 NW2d 802 (1999). When a trial court provides "a comprehensive curative instruction to the jury" in response to unresponsive, volunteered testimony, any possible prejudice to a defendant is alleviated because jurors are presumed to follow the instructions given. *People v Waclawksi*, 286 Mich App 634, 710; 780 NW2d 321 (2009).

In *People v Beesley*, 337 Mich App 50, 54-60; 972 NW2d 294 (2021), this Court affirmed the trial court's decision to deny the defendant's motion for a mistrial after the prosecutor elicited statements regarding the defendant's criminal history. Specifically, when asked what steps the officer took before executing a search warrant on the defendant's residence, the officer testified that the team "went over the circumstances of the case and some of [defendant's] criminal history." *Id*. at 53 (alteration in original). In lieu of granting the defendant's motion for a mistrial, the trial court struck the officer's response and instructed the jury to disregard the statement. *Id*. at 59. We concluded that this remedy cured any prejudice suffered by the defendant because the statement was inadvertent and the jury "is presumed to have followed the trial court's instruction . . . ." *Id*.

Similarly here, the record does not support defendant's argument that the officer's statement required the trial court to declare a mistrial. Contrary to defendant's argument, the prosecutor did not attempt to elicit the trooper's testimony concerning defendant's previous OWI convictions. Rather, the record shows that the prosecutor attempted to avoid references to defendant's prior convictions by addressing the trial court before the criminal information was read to the jury and requested that the court not read the third-offense notice because it was only a sentencing enhancement. And while the prosecutor's question to the trooper was unartfully worded, the prosecutor did not specifically ask the trooper about defendant's prior OWI offenses. Rather, the prosecutor was simply trying to elicit information that defendant's license had been suspended.

The prosecutor's affirmative steps, when combined with cautionary jury instructions, removed any taint left by the references to defendant's previous OWIs. The trooper's volunteered testimony did not constitute error that impaired defendant's ability to receive a fair trial. See *Beesley*, 337 Mich App at 60.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly