*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　　　Plaintiff-Appellee,

UNPUBLISHED
February 5, 2019

v

No. 339676
Oakland Circuit Court
LC No. 2016-260461-FC

DE'ENLAS HEAD,

　　　　　　　Defendant-Appellant.

Before: MURRAY, C.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of first-degree criminal sexual conduct ("CSC-I"), MCL 750.520b(2)(b) (victim under 13 years of age, defendant 17 years of age or older); MCL 750.520b(1)(b) (victim at least 13 years of age but less than 16 years of age and related to victim by blood or affinity). Defendant was sentenced to 25 to 60 years' imprisonment for the first count of CSC-I, and 15 to 60 years' imprisonment for the second count of CSC-I. We affirm.

## I. ADMISSION OF EVIDENCE

Defendant challenges two of the trial court's evidentiary decisions: (1) to allow the prosecution to introduce evidence regarding other acts of sexual assault and (2) to allow evidence indicating that the minor victim had knowledge about defendant's sexual habits.

"The decision whether to admit evidence falls within a trial court's discretion and will be reversed only when there is an abuse of that discretion." *People v Duncan*, 494 Mich 713, 722; 835 NW2d 399 (2013). An abuse of discretion occurs when the trial court "makes an error of law in the interpretation of a rule of evidence," *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015), or where the trial court's decision "falls outside the range of reasonable and principled outcomes," *People v Swain*, 288 Mich App 609, 628-629; 794 NW2d 92 (2010). Underlying questions of law are reviewed de novo. *People v Pattison*, 276 Mich App 613, 615; 741 NW2d 558 (2007).

We first conclude that the trial court did not abuse its discretion by admitting the victim's testimony, pursuant to MCL 768.27a, that defendant sexually abused her repetitively, to the extent that the incidents were occurring almost every day. MCL 768.27a(1), which governs the admissibility of evidence of certain "listed offenses" committed against minors, states as follows:

> "[I]n a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." [*People v Buie (On Remand)*, 298 Mich App 50, 71; 825 NW2d 361 (2012), quoting MCL 768.27a(1).]

A "listed offense," for the purposes of MCL 768.27a, includes "first-degree criminal sexual conduct, MCL 750.520b, and second-degree criminal sexual conduct, MCL 750.520c." *Buie*, 298 Mich App at 70. Unlike MRE 404, which excludes evidence that is only relevant because it shows propensity, MCL 768.27a allows for the admission of evidence that is "relevant *because* it shows propensity . . . ." *People v Duenaz*, 306 Mich App 85, 99; 854 NW2d 531 (2014) (emphasis added).

Although MCL 768.27a allows for the admission of propensity evidence, evidence that is admissible under MCL 768.27a is still subject to MRE 403. *People v Watkins*, 491 Mich 450, 486-487; 818 NW2d 296 (2012). MRE 403 states that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." *Buie*, 298 Mich App at 72, quoting MRE 403 (alteration in original). However, "when applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487. In *Watkins*, the Court enunciated a list of factors for which evidence may be excluded under MRE 403, including:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

Here, the trial court permitted the prosecution to introduce evidence of defendant's other acts of criminal sexual conduct against the victim, including the victim's testimony that defendant sexually assaulted her via anal penetration "almost every day." Defendant argues that the trial court abused its discretion because this testimony was a narrative of sexual assaults for which defendant was never charged, and the court made no effort to weigh each incident individually.

Evidence of uncharged acts of sexual assault is "logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000). The testimony suggested that defendant sexually assaulted the victim via anal penetration on a

regular basis, and allowed the jury to "view the case's facts in the larger context that the defendant's background affords." *Pattison*, 276 Mich App at 620. Further, this evidence was relevant, pursuant to MCL 768.27a, because it directly addressed defendant's propensity to commit CSC-I against the victim. Applying the *Watkins* factors, it is clear that the alleged uncharged acts were similar in nature to the charged acts, occurred within close temporal proximity to each other, and happened frequently. *Watkins*, 491 Mich at 487. Ultimately, the charged acts and uncharged acts were sufficiently similar to show that defendant employed "a common plan, scheme, or system." *Sabin*, 463 Mich at 63. Therefore, the trial court did not abuse its discretion in allowing the prosecution to admit evidence that defendant committed uncharged acts of sexual assault against the victim pursuant to MCL 768.27a.

We likewise conclude that the trial court did not abuse its discretion by admitting testimony from defendant's estranged wife regarding sexual behaviors exhibited by defendant during consensual sexual encounters.

Defendant first contends that the introduction of the testimony was improper because it was not relevant. Defendant takes issue with the following specific testimony, in which his estranged wife explained that defendant would ask her to rub his nipples before having sex:

> *Q*. [W]hat would [defendant] have you do with respect to his chest?
>
> *A*. Rub his chest.
>
> \* \* \*
>
> *Q*. Where would he have you rub?
>
> *A*. In his chest area, his nipple area.

Relevant evidence is generally admissible. See MRE 402; *People v Roper*, 286 Mich App 77, 91; 777 NW2d 483 (2009). Evidence is relevant if it has a tendency " 'to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *People v Urban*, 321 Mich App 198, 210; 908 NW2d 564 (2017), quoting MRE 401. Thus, any evidence that may be "useful in shedding light on any material point is admissible." *Urban*, 321 Mich App at 210. "The relationship of the elements of the charge, the theories of admissibility, and the defenses asserted governs what is relevant and material" in a particular case. *People v Yost*, 278 Mich App 341, 403; 749 NW2d 753 (2008) (quotation marks and citation omitted).

The testimony given by defendant's estranged wife was relevant because it lent credibility to the victim's account of one of the sexual acts that defendant would ask the victim to perform on him before sexually assaulting her. The testimony made the victim's allegations of sexual assault more probable because it suggested that the victim, a minor, had knowledge about a sexual behavior that defendant exhibited. The victim would likely have no reason to know about such a specific sexual behavior if defendant had not engaged in those sexual interactions with her. *People v King*, 297 Mich App 465, 476-477; 824 NW2d 258 (2012) ("[E]vidence is relevant when it affects the credibility of the victim . . . ."). Testimony that meaningfully bolstered the victim's credibility was also particularly relevant to rebut the defense

theory that the victim had a character for untruthfulness and had fabricated the sexual assault claims. Thus, defendant's argument that the testimony was not relevant is without merit.

Nor did the trial court abuse its discretion in concluding that the evidence's probative value was not substantially outweighed by the danger of unfair prejudice to defendant. MRE 403; *Buie*, 298 Mich App at 72. "A party's case is always damaged by evidence that the facts are contrary to his contentions, but that cannot be grounds for exclusion." *People v Schaw*, 288 Mich App 231, 237; 791 NW2d 743 (2010) (quotation marks and citation omitted). Rather, the evidence must be *unfairly* prejudicial to defendant in order for its exclusion to be warranted under MRE 403. *Id*. Evidence is considered to be unfairly prejudicial "when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *Id*. (quotation marks and citation omitted).

The testimony from defendant's estranged wife had significant probative value on the issue of the victim's credibility as a witness. "Under the circumstances of the instant case, the evidence only is prejudicial to the extent that it makes more likely the fact that defendant actually committed the offenses," and there is no basis for this Court to conclude that the evidence had an "inflammatory or prejudicial effect" that substantially outweighed its probative value. *People v Sharpe*, 319 Mich App 153, 170; 899 NW2d 787 (2017). Therefore, the trial court did not abuse its discretion by admitting the testimony regarding defendant's sexual habits.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant's final argument is that he was denied the effective assistance of counsel based on defense counsel's decision to call the victim's school principal as a witness and elicit testimony from her regarding the victim's character for truthfulness.

"Whether the defendant received the effective assistance of counsel guaranteed him under the United States and Michigan Constitutions is a mixed question of fact and law." *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015). When examining a defendant's claim of ineffective assistance of counsel, "this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Dixon-Bey*, 321 Mich App 490, 515; 909 NW2d 458 (2017). However, because defendant failed to properly preserve this issue by moving for a new trial or a *Ginther*[1] hearing in the trial court, this Court's review is "limited to mistakes apparent on the record." *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

To successfully establish an ineffective assistance of counsel argument, a defendant must demonstrate "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Defense counsel is presumed to be effective. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). Therefore, defendant must "overcome a strong presumption that counsel's

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

performance constituted sound trial strategy." *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882 (2008).

Defendant argues that defense counsel was ineffective for calling the witness because the witness testified that the victim was generally a truthful person, which damaged his defense theory that the victim had a character for untruthfulness. But as the prosecutor points out, the principal was called to testify about a number of facts, including that defendant contacted her out of concern for the victim's behavior, that the victim had separate discipline issues at school that were sexual in nature, and that the victim never disclosed any abuse to school personnel. These were all legitimate questions that resulted in favorable evidence for defendant. However, it is true that when defense counsel questioned the witness about the victim's "reputation with respect to being truthful and honest," the witness asserted that, "in all of my dealings with [the victim] . . . [s]he was truthful." "[D]ecisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy . . . ." *People v Jackson (On Reconsideration)*, 313 Mich App 409, 432; 884 NW2d 297 (2015) (quotation marks and citation omitted). In general, "this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

Defendant correctly notes that the witness's testimony on the victim's credibility contradicts his defense theory that the victim was an untruthful person who lied about the sexual assaults. We are not willing to conclude, however, that counsel's decision to call the principal was objectively unreasonable simply because one part of her testimony was damaging. As noted, the majority of her testimony was helpful to defendant's case.

Nevertheless, even if it were an objectively unreasonable decision, this Court is not required to reverse unless defendant is able to show that there is a reasonable probability that, but for defense counsel's decision to elicit the witness's testimony that the victim was generally a truthful person, the outcome of the proceeding would have been different. *Davis*, 250 Mich App at 368-369. Defense counsel called a number of other defense witnesses, including two of the victim's siblings, who both testified that, although the victim was sometimes truthful, she "ha[d] a history of lying," and would often lie to her family. As the prosecution observes, the jury chose to convict defendant even after being presented with testimony from two of the victim's siblings, who both testified that the victim was frequently untruthful. Defendant's mere speculation regarding a different outcome is insufficient to show that he was prejudiced by defense counsel's performance. Therefore, defendant was not denied the effective assistance of counsel.

Affirmed.

/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro